```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                                   )
ABDELKRIM HAJRI,                   )
        Plaintiff,                 )
                                   )      CIVIL ACTION
        v.                         )      NO. 21-11448-WGY
                                   )
EX-MAYOR OF THE CITY OF BOSTON,    )
        Defendants, et al.         )
                                   )
_____
```

YOUNG, D.J.

**ORDER**

Abdelkrim Hajri ("Hajri"), proceeding pro se, initiated this action on September 2, 2021, by filing a complaint accompanied by a motion for leave to proceed in forma pauperis. Docket Nos. 1, 2.

On October 12, 2021, Hajri was denied leave to proceed in forma pauperis and was ordered to file (1) a renewed in forma pauperis request or payment of the filing fee and (2) an amended complaint or show cause why this action ought not be dismissed for lack of subject matter jurisdiction. Docket No. 5. The Order explained that none of the criminal statutes cited in the complaint provides a private right of action and the complaint fails to state a claim pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Id.

On October 26, 2021, Hajri paid the $402 filing fee, but he did not file a show cause response or amended complaint. See Docket.

On November 22, 2021, the court ordered Hajri to show cause in 21 days why this case should not be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) or file an amended complaint. Docket No. 7.

On December 17, 2021, several days after the show cause response deadline, Hajri filed his amended complaint. Docket No. 8. Hajri's amended complaint is brought pursuant to 42 U.S.C. § 1983 and names as defendants the former Mayor of Boston, the former Suffolk County District Attorney and the Governor of Massachusetts. Id. The amended complaint provides an amended mailing address for Hajri. Id.

Hajri's response was not timely, but in light of plaintiff's pro se status, and the fact that the amended complaint is not subject to dismissal for lack of subject matter jurisdiction, the court will excuse the late filing. Because an amended complaint completely replaces the original complaint, see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), Hajri's amended complaint is now the operative complaint.

The court will direct the clerk to issue summonses for service of the amended complaint on the three defendants.

Because Hajri paid the filing fee, he is responsible for serving the defendants with a summons and a copy of the amended complaint and Rule 4 of the Federal Rules of Civil Procedure sets forth the acceptable methods for service of process.  Rule 4(l) provides that "[u]nless service is waived, proof of service" — usually the server's affidavit — "must be made to the court." Fed. R. Civ. P. 4(l)(1).

Finally, since plaintiff has not been permitted to proceed in forma pauperis, no order has been issued directing the United States Marshal Service ("USMS") to effect service of process and advance the costs of service.  If plaintiff seeks to proceed in forma pauperis in an effort to have service of process effected by the USMS, his amended complaint would be subject to screening pursuant to 28 U.S.C. § 1915(e) if permitted to proceed in forma pauperis.

Accordingly,

1. The Clerk shall update plaintiff's address on the docket to 241 Msgr OCallaghan Way, Apt. 833, Boston, MA 02127, and also update the parties so that the sole defendants are Walsh, Rollins and Baker.
2. The Clerk shall issue summonses for service of the amended complaint on defendants Walsh, Rollins and Baker.
3. The plaintiff must serve the defendants in accordance with Federal Rule of Civil Procedure 4.

4. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, plaintiff shall have 90 days from the date the summons issues to complete service.

**SO ORDERED.**

Date: March 2, 2022

/s/ William G. Young
WILLIAM G. YOUNG
 UNITED STATES DISTRICT JUDGE