```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                   )
ABDELKRIM HAJRI,                   )
        Plaintiff,                 )
                                   )    CIVIL ACTION
        v.                         )    NO. 21-11448-WGY
                                   )
Ex-Boston City Mayor,              )
MARTIN WALSH; Ex-Suffolk           )
District Attorney RACHAEL          )
ROLLINS, and Massachusetts         )
Commonwealth Governor BAKER,       )
        Defendants,                )
                                   )
_____
```

YOUNG, D.J.

**ORDER**

The unopposed motions to dismiss brought by Defendant former City of Boston Mayor Martin Walsh ("City of Boston Defendant"), Def.'s Mot. Dismiss Pl.'s Am. Compl. ECF No. 14, and Defendants Former Suffolk County District Attorney Rachael Rollins and Commonwealth Of Massachusetts Governor Charlie Baker's ("State Defendants"), State Defs.' Mot. Dismiss, ECF No. 23, are each hereby ALLOWED and Plaintiff Abdelkrim Hajri's ("Hajri") action is DISMISSED without prejudice substantially for the reasons stated in the defendants' respective memoranda and as more specifically set forth below.  Hajri's motion for a protective order, ECF No. 18, is DENIED as MOOT.  The Clerk is directed to enter a separate order of dismissal.

On October 12, 2021, Hajri was ordered, among other things, to file an amended complaint because it was unclear that the Court had jurisdiction over this action.  Hajri filed an amended complaint on December 17, 2021.  Am. Compl., ECF No. 8.  The defendants moved to dismiss, and Hajri did not oppose the motions.

The amended complaint fails to plausibly plead a claim upon which relief can be granted against any of the defendants.  In undertaking this review, the Court takes "the factual allegations in the complaint and the inferences reasonably drawn from the complaint as true to determine whether [Hajri] has plausibly stated a claim upon which relief can be granted." Sonoiki v. Harvard U., 37 F.4th 691, 703 (1st Cir. 2022).  The Court "isolates and ignores statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements, then takes the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and sees if they plausibly narrate a claim for relief."  Id. (citations, punctuation and quotations omitted).  "Plausible" is a term of art, and "means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels us to draw on [the Court's] judicial experience and common sense."  Id.

Hajri's amended complaint alleges that the Boston Housing Authority attempted to evict him, but the case was dismissed he and then had difficulties of not receiving a certificate from the City for access to certain funding and city contracting. Am. Compl. ¶¶ 9-16.  He claims that a new police commissioner was hired, and as a result "the tracking system started for the long chase to take down" Hajri.  Am. Compl. ¶ 17.  As an apparent example, Hajri claims he was "maliciously denied access to disability resources by [a] state agency under the pretext of failure to provide required documents that were intentionally held by the Boston Medical Center."  Am. Compl. ¶ 18.  Hajri also claims "his apartment was heavily invaded for documents and electronics."  Am. Compl. ¶ 19.  Hajri claims Rachel Rollins "criminal intelligence was collecting videos from local retail stores . . . and dropping fake dollar bills of $100 value, dropping also bag packs in the street."  Am. Compl. ¶ 20.  Hajri claims that his "ISP internet connection[] was cloned and other hardware . . . installed in [his] internet connection to copy live internet activity."  Am. Compl. ¶ 21.

Further, Hajri claims he "was targeted through hit and run crash that aimed to cause wrongful death" and his "motor vehicle was again and again subject to vandalism."  Am. Compl. ¶¶ 22-23.  Specifically, Hajri claims that his gas tank and brake lines were damaged.  Compl. ¶¶ 24 -25.  Finally, Hajri claims that his

"mail is subject to destruction and loss." Am. Compl. ¶26.  On these allegations, Hajri claims violations by the defendants of his First and Fourteenth Amendment rights under the United States Constitution.  Am. Compl. Count 1, violations of 42 U.S.C. §§ 1983 and  1988,  Am. Compl. Count 2, violation of 42 U.S.C. § 2000d et seq. and 34 U.S.C. § 10228, Am. Compl. Count 3, and violation of 42 U.S.C. § 12131 and 29 U.S.C. § 794, Am. Compl. Count IV.

These allegations, taken as a whole, are conclusory, speculative, or so fantastic to be insufficiently pleaded to state claim upon which relief can be granted as to the purported federal claims brought in Counts 1 through 4 of the amended complaint.  See Walsh v. Comey, 118 F. Supp. 3d 22, 27 (D.D.C. 2015) (dismissing claims of cross-government surveillance, stalking and interference with mail) (collecting case). Accordingly, as argued by the defendants in their respective motions, the amended complaint fails to state a claim upon which relief can be granted as pleaded.

**SO ORDERED.**

Date: 9/8/2022

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE